UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EUGENE J. HUBKA,

　　　　　*Plaintiff-Appellant,*

v.

MOBIL CORPORATION; EXXON MOBIL
CORPORATION,

　　　　　*Defendants-Appellees.*

No. 01-1431

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-00-1219-A)

Argued: January 23, 2002

Decided: February 21, 2002

Before WILKINSON, Chief Judge, and WILKINS and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Seth Charles Berenzweig, ALBO & OBLON, L.L.P.,
Arlington, Virginia, for Appellant. Charles B. Wayne, PIPER, MAR-
BURY, RUDNICK & WOLFE, L.L.P., Washington, D.C., for Appel-
lees. **ON BRIEF:** David A. Oblon, ALBO & OBLON, L.L.P.,
Arlington, Virginia, for Appellant. Elisha A. King, PIPER, MAR-
BURY, RUDNICK & WOLFE, L.L.P., Washington, D.C., for Appel-
lees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eugene J. Hubka challenges the order of the district court granting summary judgment in favor of Mobil Corporation (Mobil) and Exxon Mobil Corporation (ExxonMobil) on his breach of contract claim. For the reasons stated below, we affirm.

### I.

In 1964, just after he graduated from college, Eugene Hubka began working for Mobil as a Junior Engineer. Over the years, Hubka held various positions in the company, eventually moving to Mobil's Fairfax, Virginia facility in 1980. In 1991, Mobil offered Hubka a position as the Strategic Investment Coordinator at its refinery in Yanbu, Saudi Arabia. He signed an offer letter, dated October 8, 1991, which provided, in pertinent part:

> Upon satisfactory completion of your loan assignment, you will be reinstated with U.S. Marketing & Refining at no less than the base pay you attained during your loan assignment and in a position at least equal in salary group (18) to the position you held prior to your loan assignment.

The 1991 offer letter also stated that the duration of the loan assignment would be "approximately 3 years."

On November 30, 1999, Mobil merged with Exxon Corporation, forming ExxonMobil. Hubka was still working in Saudi Arabia at the time. Though many jobs were eliminated as a result of the merger, ExxonMobil offered Hubka a position with the new company. This rendered him ineligible to receive the "change-in-control" severance package ExxonMobil offered to terminated employees.

On January 9, 2000, Mobil's human resources department sent Hubka an e-mail with the ExxonMobil Assignment Decision Form attached. The Assignment Decision Form was created by ExxonMobil specifically because of the merger. Employees were to indicate on the form whether they accepted or declined the position they were offered with the merged company.

When Hubka received the Assignment Decision Form, he sent an e-mail to the manager of Mobil's human resources department in Saudi Arabia, explaining that it was his desire to be offered the change-in-control benefits package. If the package was not available to him, Hubka stated that he would accelerate his request for repatriation to the United States. He noted that the Assignment Decision Form did not mention the "guarantee" that he could return to the United States. He stated, "I feel exposed to the possibility that Exxon-Mobil could leave me here in Yanbu 'forever.' Therefore, I want some recognition in the form that Mobil's promise of a repat [sic] job still applies before I initial/sign."

Hubka informed his supervisors that he wished to accept the position with ExxonMobil. However, he refused to sign the Assignment Decision Form without a promise of reinstatement to a job in the United States. He interlineated the repatriation language on the form, but was told that if he refused to unconditionally sign by January 25, 2000, he would be treated as having resigned. Despite assurances from management that every effort would be made to accommodate his repatriation request, Hubka did not sign the form. He therefore was treated as having retired from Mobil on March 1, 2000.

On July 5, 2000, Hubka filed a two count complaint against Mobil and ExxonMobil in Fairfax County Circuit Court, alleging breach of contract and constructive fraud. Defendants removed the case to the United States District Court for the Eastern District of Virginia, Alexandria Division. The parties filed cross-motions for summary judgment and the district court heard oral arguments on the motions. The court granted defendants' motion for summary judgment on Hubka's constructive fraud claim and denied Hubka's motion for partial summary judgment in all respects. After taking the remaining matters under advisement, the court granted summary judgment in favor of

Mobil and ExxonMobil on the breach of contract claim and dismissed the case. Appellant timely filed his notice of appeal.

## II.

We review the district court's grant of summary judgment *de novo*. *JKC Holding Co., LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Mere speculation by the non-movant cannot create a genuine issue of material fact. *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001).

## III.

For summary judgment purposes, the parties agreed that the 1991 offer letter was a contract and that ExxonMobil was responsible for prior obligations undertaken by Mobil. The district court granted defendants' motion for summary judgment, finding that Hubka failed to offer proof that Mobil and ExxonMobil breached their repatriation obligations because he failed to perform a condition precedent of the contract—he failed to satisfactorily complete his loan assignment in Saudi Arabia. The district court also found that Hubka could not prevail on an anticipatory repudiation theory of breach because while the evidence showed that Mobil and ExxonMobil refused to allow Hubka to alter the Assignment Decision Form, that refusal did not amount to clear and unequivocal evidence that they were repudiating their repatriation and reassignment obligations under the 1991 offer letter.

We agree that the grant of summary judgment was proper, however, we do so on reasons that differ slightly from those of the district court. After eight years in Saudi Arabia, Hubka cannot be said to have failed to satisfactorily complete his loan assignment. Thus, the district court's reliance on Hubka's failure to complete a condition precedent of the 1991 offer letter is misplaced.[1]

---

[1]On appeal, Hubka argues that the district court erred in failing to apply the prevention doctrine and in holding that no reasonable juror could find that appellees anticipatorily breached the 1991 offer letter. Because we find that Hubka, in fact, did complete his loan assignment, we need not address these issues here.

Though Hubka had completed his assignment and was entitled to return to the United States, even in the light most favorable to him, the evidence shows that Mobil and ExxonMobil did not breach the 1991 offer letter. Hubka claims he was forced to resign because ExxonMobil would not include a promise of repatriation in his Assignment Decision Form.[2] However, as the district court correctly recognized, the terms of the Assignment Decision Form did not contradict the terms of the 1991 offer letter. The form merely required Hubka to acknowledge acceptance of a position with ExxonMobil "as described to me" and to acknowledge his ineligibility for severance benefits. In other words, the form confirmed whether at-will employees chose to accept positions with the new company. Hubka's failure to sign the form indicated that he was no longer an employee of Mobil or ExxonMobil. Because he was no longer an employee, the merged company was no longer required, or able to honor its repatriation obligations.

After over thirty years of loyal service to Mobil, it is unfortunate that appellant's career with the company ended in such a manner. Indeed, it is understandable that Hubka would want to ensure that he would be able to return to the United States. He wanted his repatriation rights in writing, and he did not want to rely on supervisors' assurances alone. What Hubka failed to realize was that his rights were *already* set forth in writing in the 1991 offer letter. ExxonMobil was under no obligation to repeat the promise of repatriation in the Assignment Decision Form.

Because Hubka resigned, we cannot know whether ExxonMobil would have breached the 1991 offer letter. We note that all evidence points to the contrary. The undisputed facts show that Hubka's supervisors told him they would process his transfer request and that in fact the transfer and relocation process had been initiated. If Hubka had chosen to remain employed by the merged company, he would have had every right to seek enforcement of the 1991 letter.[3]

---

[2]ExxonMobil would not alter the Assignment Decision Form on an individual basis—thousands of these forms were created as a result of the merger.

[3]This would indeed be a different case if Hubka had signed the Assignment Decision Form, become an employee of ExxonMobil and *then* been denied a request to repatriate. However, as it stands, Hubka resigned before the company was allowed an opportunity to arrange for the transfer.

Hubka has not shown that Mobil or ExxonMobil breached Mobil's 1991 offer letter. Accordingly, the decision of the district court is affirmed.

*AFFIRMED*